E-FILED
Tuesday, 21 April, 2026  03:05:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL RANDLE, )
)
Plaintiff, )
)
v. ) 25-3249
)
IDOC, *et al.* )
)
Defendants. )

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, brought this suit pursuant to 42 U.S.C. § 1983. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that officials at Shawnee, Graham, Pontiac, and Menard Correctional Centers have failed to provide adequate medical treatment for a hernia and other medical conditions. He named as defendants IDOC, Wexford MD Healthcare, State of Illinois, and the United States.

Page **1** of **3**

Plaintiff may be able to state a claim for relief, but he has not named the proper defendants. The Illinois Department of Corrections and State of Illinois are not "persons" within the meaning of § 1983, and, therefore, they are not amenable to suit. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983."). The United States is immune from suit under the Eleventh Amendment, and no plausible inference arises that federal officials were involved in Plaintiff's medical care. Wexford may be held liable only if a policy or practice caused the alleged constitutional deprivations. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff also does not reference any individual prison officials responsible for the alleged mistreatment. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff cannot proceed against all officials at four different prisons because doing so would likely violate the rules of joinder, *see Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."), and venue for any claims arising at Shawnee and Menard is not proper in this district. *See* 28 U.S.C. § 93(c).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 21st day of April, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE